UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HARVEY CAICEDO, | ) | CASE NO. 4:11 CV 1503 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) |  AND ORDER |
| M. PUGH, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Harvey Caicedo filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Mr. Caicedo, who is incarcerated at the Northeast Ohio Correctional Center (N.E.O.C.C.), names N.E.O.C.C. Warden M. Pugh as Respondent. He asserts he is entitled to eleven months credit on the sentence he is now serving. For the reasons set forth below, the Petition is dismissed.

**Background**

An indictment was filed against Mr. Caicedo on November 6, 2001 in the United States District Court for the Middle District of Florida. *See United States v. Caicedo*, No. 8:01-cr-00412

(M.D. Fla. filed Nov. 6, 2001). The indictment charged Mr. Caicedo with conspiracy to distribute narcotics in violation of 21 U.S.C. § 846. United States Customs agents arrested him in New York, on or about November 19, 2001, and transported him to Florida for his arraignment in federal court on December 21, 2001. He entered a plea of not guilty and the matter was subsequently scheduled for trial on October 15, 2002.

On September 30, 2002, the government moved to dismiss the indictment. Mr. Caicedo claims the government did so because there was "no probable cause." District Court Judge Steven D. Merryday endorsed the government's motion on October 9, 2002, and dismissed the indictment on that same date. On October 17, 2002, Mr. Caicedo was released from Morgan County Jail in Tampa, Florida, where he had been held pending trial.

Six years after the indictment in Florida was dismissed, Mr. Caicedo was named in a criminal complaint filed in the United States District Court for the Eastern District of New York. *See United States v. Calderon, et al,*, No. 1:08-cr-00355 (E.D.N.Y. filed May 1, 2008). A grand jury later issued an indictment in the case charging Mr. Caicedo with, *inter alia*, knowingly and intentionally conspiring to distribute cocaine in violation of 21 U.S.C. § 846. He later pled guilty to the charge and was sentenced on March 27, 2009 to sixty months in prison, followed by three years of supervised release. This is the sentence Mr. Caicedo is now serving. The BOP website indicates his scheduled release date is September 6, 2012. *See* http://www.bop.gov/iloc2/LocateInmate.jsp

On June 4, 2011, Mr. Caicedo filed an Informal Resolution with staff at N.E.O.C.C. He claimed he "served 11 months in Federal custody," following his arrest in November, 2001 until his release from jail on October 17, 2002. As a result, he asserted he was entitled to "jail time credit" for that eleven-month period. In response, N.E.O.C.C. reminded Mr. Caicedo that he sent a request

to Inmate Records on January 13, 2011 regarding the same issue. Fourteen days after that request, he was advised that he was not entitled to credit on his sentence for time he spent in custody that was not related to the sentence he was serving. Based on this previous review, Mr. Caicedo's request for an informal resolution was denied on June 27, 2011. He then filed an Inmate Grievance dated July 6, 2011. The Grievance Officer rejected his request as untimely based on CCA policy, which requires a grievance to be filed within five (5) calendar days of the response date. The rejection was approved by the warden on July 15, 2011.

Mr. Caicedo now argues, without any legal support, that even though his 2001 case is unrelated to his 2008 case, that fact is immaterial. Instead, he maintains that because he was in federal custody for eleven months in 2001-2002, he is entitled to have his federal sentence credited for that time.

## Discussion

### 1. Federal Habeas Petitions under 28 U.S.C. § 2241

A habeas corpus proceeding is the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The statute requires that a district court shall direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495. Because this Court has personal jurisdiction over the warden at N.E.O.C.C., the matter is properly before this Court. *See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th

Cir. 2004) (prisoner's proper custodian for purposes of habeas review is the warden of the facility where he is being held).

## 2. Petitioner is Not Entitled to Credit

Mr. Caicedo has no basis in law to support his request. A criminal defendant is entitled to "credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) *as a result of the offense for which the sentence was imposed.*" 18 U.S.C. § 3585(b) (emphasis supplied). The sentence commencement to which the statute refers is not *any* sentence which may be imposed in the defendant's lifetime, but the sentence for which he is being held in custody pending the court's imposition of that sentence.

In 2001, no sentence was imposed as a result of the charges brought against Mr. Caicedo at that time. When he was indicted in 2008, however, he did plead guilty to charges for which he was sentenced to sixty months in prison. Therefore, the BOP was in a position to consider any time he may have spent in exclusive federal custody while he was awaiting sentencing under that indictment.[1] There is no statutory or legal basis to support Mr. Caicedo's assertion that he is entitled to eleven months credit for time he may have spent in custody for an indictment that was dismissed before trial. As a matter of law, the BOP is properly executing the sentence imposed by the United States District Court for the Eastern District of New York.

## Conclusion

Based on the foregoing, the Petition is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be

---

[1] After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed").

taken in good faith.[2]

    IT IS SO ORDERED.

                 S/ JAMES G. CARR
                 SR. UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."